Michael C. Titus, Esq. (No. 309153)
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704
Tel: 559-224-2131
Fax: 559-229-7295
E-Mail: mtitus@wctlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TBM N160TM, LLC, a California limited liability company; and BLACKHORSE CLOVIS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNATURE FLIGHT SUPPORT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 1:24-cv-00963-KES-HBK<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1) **Breach of Contract – Count 1**<br>2) **Breach of Contract – Count 2**<br>3) **Breach of Covenant of Good Faith and Fair Dealing – Count 1**<br>4) **Breach of Covenant of Good Faith and Fair Dealing – Count 2**<br>5) **Unfair Business Practices [Code Civ. Proc. § 17200 et.seq.]** |

Plaintiffs, TBM N160TM, LLC ("TBM") and BLACKHORSE CLOVIS, LLC ("Blackhorse"), collectively referred to herein as "Plaintiffs" allege as follows:

**I.**

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, Blackhorse is, and at all times mentioned herein was, a California limited liability company and existing under the laws of the State of California.

2. Plaintiff TBM, is, and at all times mentioned herein was, a California limited liability company and existing under the laws of the State of California.

///

///

3. Plaintiffs are informed and believe and thereon allege that Defendant, Signature Flight Support, LLC ("Signature") is, and at all times mentioned herein was, a Delaware limited liability company and doing business in the State of California.

4. Plaintiffs are unaware of the true names and capacities of defendants sued herein as Does 1 through 50 inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs are informed and believe that thereon allege that each of the defendants, in some manner, are responsible for the events and happenings referred to in this Complaint and caused Plaintiff to suffer damages alleged herein. Plaintiffs will seek leave of court to amend this Complaint to allege their true names and capacities when ascertained.

## II.

## FACTUAL ALLEGATIONS

**1. The Blackhorse Space Permit**

5. Blackhorse is the owner of a Beechcraft KA-250 aircraft bearing tail number N169JD (the "Beechcraft"). Blackhorse is based out of Fresno, California and desired to have the Beechcraft held in a local hangar when not in use.

6. Ultimately, Blackhorse determined it would be beneficial to have the Beechcraft held at Signature Flight Support at Fresno Yosemite International Airport ("FAT").

7. In or around 2014, Blackhorse and Signature entered into a Space Permit in which Blackhorse agreed to lease approximately 2,384 square feet in Signature's hangar at FAT (the "Blackhorse Lease").

8. Under the Blackhorse Lease, Blackhorse agreed to pay monthly base rent and an additional monthly common area maintenance charge.

9. Under Section 4(e) of the Blackhorse Lease, it stated that Blackhorse was to pay to Signature "monthly, as Supplemental Rent, the Permittee's proportionate share of expenses of every kind paid or incurred by Signature for the operation, upkeep, maintenance, repair or renewal of the Space and Common Use Areas. The CAM Charge shall include, but is not limited to, maintenance and landscaping, fire suppression system maintenance and certification, security and access controls/phones, utilities, and property insurance. Notwithstanding the foregoing, the

1 CAM Charge shall exclude the following: (1) Master Lease rent; (2) capital improvements; (3) mortgage payments; (4) depreciation; (5) leasing commissions, attorneys' fees, space planning costs; (6) any amounts paid to affiliates of Signature to the extent such amounts exceed amounts that would have reasonably been paid to unrelated third parties for similar services; (7) any of Signatures' overhead and general administration expenses; (8) advertising and promotional expenditures; (9) penalties, fees or interest incurred as a result of Signature's failure to make a payment when due. The CAM Charge shall be adjusted annually." (Blackhorse Lease §4(e)).

10. Upon execution of the Blackhorse Lease, Blackhorse began storing the Beechcraft at Signature. Throughout the term of the Lease, Blackhorse fulfilled all its obligations, including the payment of money owed under the Blackhorse Lease.

**1. The TBM Space Permit**

11. TBM is the owner of a Compagnie Daher TBM-700 aircraft bearing tail number N160TM (the "Daher"). TBM is based out of Fresno, California and desired to have the Daher held in a local hangar when not in use.

12. Ultimately, TBM determined it would be beneficial to have the Daher held at Signature Flight Support at Fresno Yosemite International Airport ("FAT").

13. In or around 2020, TBM and Signature entered into a Space Permit in which TBM agreed to lease approximately 1,470 square feet in Signature's hangar at FAT (the "TBM Lease").

14. Under the TBM Lease, TBM agreed to pay monthly base rent and an additional monthly common area maintenance charge.

15. Under Section 4(e) of the Lease, it stated that TBM was to pay to Signature "monthly, as Supplemental Rent, the Permittee's proportionate share of expenses of every kind paid or incurred by Signature for the operation, upkeep, maintenance, repair or renewal of the Space and Common Use Areas. The CAM Charge shall include, but is not limited to, maintenance and landscaping, fire suppression system maintenance and certification, security and access controls/phones, utilities, and property insurance. Notwithstanding the foregoing, the CAM Charge shall exclude the following: (1) Master Lease rent; (2) capital improvements; (3) mortgage payments; (4) depreciation; (5) leasing commissions, attorneys' fees, space planning

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

1 costs; (6) any amounts paid to affiliates of Signature to the extent such amounts exceed amounts that would have reasonably been paid to unrelated third parties for similar services; (7) any of Signatures' overhead and general administration expenses; (8) advertising and promotional expenditures; (9) penalties, fees or interest incurred as a result of Signature's failure to make a payment when due. The CAM Charge shall be adjusted annually." (TBM Lease §4(e)).

16. Upon execution of the TBM Lease, TBM began storing the Daher at Signature. Throughout the term of the Lease, TBM fulfilled all its obligations, including the payment of money owed under the TBM Lease.

**C. Signature's Notices of Expirations of the Blackhorse Lease and TBM Lease.**

17. On or about February 1, 2024, Signature sent each Blackhorse and TBM Notices for Expiration of Space Permit (the "Notices").

18. In the Notices, Signature informed Blackhorse and TBM that their leases would not be renewed, and Plaintiffs had to remove their personal property from Signature Flight Support at FAT within thirty (30) days.

19. Prior to the Notices expiring, a representative of both Blackhorse and TBM went to Signature Flight Support at FAT where the Beechcraft and Daher was being held to begin collecting Plaintiffs' personal property. The representative saw that Signature began removing and relocating Plaintiffs' personal property, including putting post-it notes on the items stating: "Bryce of Trash."

20. Ultimately Plaintiffs vacated the Signature Flight Support at FAT pursuant to the Notices.

**D. Wrongful Supplemental Rent Charges**

21. In or around March 2024, Plaintiffs spoke with another aircraft owner who also had a lease agreement with Signature. It should be noted that the other aircraft owner also owned a Beechcraft KA-250, which was an identical make and model of Blackhorse's Beechcraft.

///
///
///

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

22. The other aircraft owner communicated to Plaintiffs that he was paying an amount of Supplemental Rent (as defined in both the Blackhorse Lease and TBM Lease) far less than what Blackhorse and TBM paid under their respective lease agreements with Signature.

23. Blackhorse and TBM inquired to the other aircraft owner if his Supplemental Rent was based on proportional share of expenses, and the other aircraft owner confirmed it was. It was at this point that Blackhorse and TBM determined that Signature was not charging a proportional share of expenses in accordance with both the Blackhorse Lease and TBM Lease and Signature breached the agreements.

24. Plaintiffs through their counsel requested that Signature produce any and all documents relating to the Supplemental Rent under the terms of the Blackhorse Lease and TBM Lease. However, Signature did not produce any documents and had the position that Supplemental Rent was appropriately charged under the lease agreements. Furthermore, Signature admitted that the Daher was charged a larger Supplemental Rent than what was being charged to the Beechcraft, even though the Daher is a smaller aircraft, and would be less of a proportionate share of the expenses.

25. Due to Signature not charging the appropriate amount of Supplemental Rent, Blackhorse and TBM have incurred damages.

**III.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract- Count 1 the Blackhorse Lease)**

26. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

27. On or about 2014, Blackhorse and Signature entered into the Blackhorse Lease. Under the Blackhorse Lease, Blackhorse agreed to lease from Signature hangar space to store the Beechcraft.

28. Pursuant to the Blackhorse Lease, Blackhorse fulfilled all its obligations by paying all amounts owed under the lease.

///

29. Signature breached the Blackhorse Lease by charging Blackhorse Supplemental Rent far in excess of Blackhorse's proportionate share of expenses. Because of Signature's breach, Blackhorse has suffered damages in an amount to be proven at trial.

30. The Blackhorse Lease provides for the recovery of attorneys' fees.

31. WHEREFORE, Blackhorse prays judgment against Signature as set forth below.

## IV

## SECOND CAUSE OF ACTION

### (Breach of Contract- Count 2 the TBM Lease)

32. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

33. On or about 2020, TBM and Signature entered into the TBM Lease. Under the TBM Lease, TBM agreed to lease from Signature hangar space to store the Daher.

34. Pursuant to the TBM Lease, TBM fulfilled all its obligations by paying all amounts owed under the lease.

35. Signature breached the TBM Lease by charging TBM Supplemental Rent far in excess of TBM's proportionate share of expenses. Because of Signature's breach, TBM has suffered damages in an amount to be proven at trial.

36. The TBM Lease provides for the recovery of attorneys' fees.

37. WHEREFORE, Blackhorse prays judgment against Signature as set forth below.

## V.

## THIRD CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing- Count 1 the Blackhorse Lease)

38. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

39. On or about 2014, Blackhorse and Signature entered into the Blackhorse Lease. Under the Blackhorse Lease, Blackhorse agreed to lease from Signature hangar space to store the Beechcraft.

///

40. Implied in every contract, including the Blackhorse Lease, is a covenant of good faith and fair dealing by which the contracting parties are bound. *Comunale v. Traders & General Ins. Co.*, (1958) 50 Cal. 2d 654, 658.

41. Blackhorse performed all of its obligations required to be performed by it in accordance with the terms of the Blackhorse Lease.

42. By failing to charge Blackhorse its proportionate share of Supplemental Rent pursuant to the terms of the Blackhorse Lease, Signature unfairly interfered with Blackhorse's right to receive the benefits of the lease entered into between the parties as set forth above in detail.

43. As a result of said breach of contractual duties and obligations due and owed to Blackhorse, Blackhorse has sustained loss, injury and financial damages in an amount to be proven at trial.

## VI.

## FOURTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing- Count 2 the TBM Lease)

44. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

45. On or about 2020, TBM and Signature entered into the TBM Lease. Under the TBM Lease, TBM agreed to lease from Signature hangar space to store the Daher.

46. Implied in every contract, including the TBM Lease, is a covenant of good faith and fair dealing by which the contracting parties are bound. *Comunale v. Traders & General Ins. Co.*, (1958) 50 Cal. 2d 654, 658.

47. TBM performed all of its obligations required to be performed by it in accordance with the terms of the TBM Lease.

48. By failing to charge TBM its proportionate share of Supplemental Rent pursuant to the terms of the TBM Lease, Signature unfairly interfered with TBM's right to receive the benefits of the lease entered into between the parties as set forth above in detail.

///

49. As a result of said breach of contractual duties and obligations due and owed to TBM, TBM has sustained loss, injury and financial damages in an amount to be proven at trial.

## VII.

## **FIFTH CAUSE OF ACTION**

**(Unfair Business Practices (Bus. & Prof. Code §17200 Et Seq.)**

50. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

51. Plaintiffs are informed and believe and thereon allege that Signature's wrongful conduct constituted unlawful, unfair, or fraudulent business practices or acts or practices under California's Unfair Business Practices Act, or *Business and Professions Code* §17200, et seq, including but not limited to unfairly and fraudulently failing to charge Supplemental Rent pursuant to the terms of the Blackhorse Lease and TBM Lease which was to only be Blackhorse and TBM's proportionate share of expenses.

52. Plaintiffs are informed and believe and thereon allege that Signature has violated the rights of Plaintiffs by their actions in perpetrating a fraud against Plaintiffs, by exercising undue influence over Plaintiffs as defined by Civil Code section 1575(3), and by taking grossly oppressive and unfair advantage over Plaintiffs in that, at the time Plaintiffs signed the Blackhorse Lease and TBM Lease, Plaintiffs had no knowledge of the ambiguous,, subjective, and fraudulent method in which Signature allocates Supplemental Rent between its various customers.

53. By reason of Signature's fraudulent, deceptive, and unfair conduct as alleged herein, Signature has violated Business and Professions Code section 17200 et.seq. as such conduct constitutes unlawful, unfair, and fraudulent business practices.  These practices were designed to deprive Plaintiffs of any profits it would have otherwise made and deceive members of the public.

54. Signature's actions were willful, malicious, despicable and oppressive.  Such actions are unacceptable in a civilized society.  Signature's actions subject it to punitive damages.

55. As a direct and proximate result of Signature's wrongful acts, Plaintiffs have suffered pecuniary losses by being charged an amount that was not agreed to in the Blackhorse

Lease or TBM Lease. Additionally, Plaintiffs are entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

56. Plaintiffs also seek an order of this Court pursuant to Business and Professions Code section 17203 to restrain and enjoin Signature from any further violations and to make any other orders of judgments as may be necessary to restore to Plaintiffs, and to all other members of the public, or persons in interest any money or property acquired by Signature's violations.

## VIII.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Signature, and each of them as follows:

**ON THE FIRST CAUSE OF ACTION**

1. For compensatory damages in an amount to be proven at trial;
2. For reasonable attorneys fees' and cost of suit;
3. For interest at the legal rate permitted by law; and
4. For other such and further relief the Court may deem proper.

**ON THE SECOND CAUSE OF ACTION**

1. For compensatory damages in an amount to be proven at trial;
2. For reasonable attorneys fees' and cost of suit;
3. For interest at the legal rate permitted by law; and
4. For other such and further relief the Court may deem proper.

**ON THE THIRD CAUSE OF ACTION**

1. For compensatory damages in an amount to be proven at trial;
2. For reasonable attorneys fees' and cost of suit;
3. For interest at the legal rate permitted by law; and
4. For other such and further relief the Court may deem proper.

**ON THE FOURTH CAUSE OF ACTION**

1. For compensatory damages in an amount to be proven at trial;
2. For reasonable attorneys fees' and cost of suit;

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

3. For interest at the legal rate permitted by law; and

4. For other such and further relief the Court may deem proper.

**ON THE FIFTH CAUSE OF ACTION**

1. For compensatory damages in an amount to be proven at trial;

2. For reasonable attorneys fees' to the extent allowed by law and cost of suit;

3. For punitive damages in an amount sufficient to punish Signature for its wrongdoing and to deter others from similar future misconduct;

4. For an order restraining and enjoining the unlawful business practices pursuant to Business and Professions Code section 17203;

5. For interest at the legal rate permitted by law; and

6. For other such and further relief the Court may deem proper.

Date: August 23, 2024							WILD, CARTER & TIPTON
									A Professional Corporation


									By:  */s/ Michael C. Titus*
										Michael C. Titus, Esq.
										Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT							Page 10