UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TBM N160TM, LLC, a California limited liability company; and BLACKHORSE CLOVIS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited liability company;<br><br>Defendant. | Case No.  1:24-cv-00963-HBK<br><br>ORDER DISMISSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 25)<br><br>ORDER RESETTING DISPOSITIVE MOTION DEADLINE<br><br>ORDER VACATING JANUARY 23, 2026 MOTION HEARING |

Pending before the Court is Defendant Signature Flight Support LLC's Motion for Summary Judgment filed on December 11, 2025.  (Doc. 25).  Plaintiffs Black Horse, LLC and TMB N160TM, LLC filed an Opposition and Defendant filed a Reply.  (Doc. 31, 37).  The motion is set for hearing on January 23, 2026.

Upon review of the motion, and as pointed out by Plaintiffs, Defendant failed to comply with the mandatory pre-filing meet and confer requirement set forth in Case Management and Scheduling Order issued November 21, 2024.  (Doc. 31 at 2-3). Notably, the motion contains neither a meet and confer certification, nor a joint statement of undisputed facts.  (*See generally* Doc. 25).  Defendant admits no conference took place

but argues that meeting and conferring would have been futile given Plaintiffs' refusal to dismiss the lawsuit in prior discussions.  (Doc. 37 at 8-9).  Defendant offered to meet and confer to narrow issues only **after** the MSJ was filed.  (Doc. 31-3 at 108) (emphasis added).

The Case Management and Scheduling Order explicitly mandates:

> Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.  The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.  **The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts.**  In addition to the requirements of Local Rule 260, **the moving party shall file a Joint Statement of Undisputed Facts.**  In the Notice of Motion, **the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.**

(Doc. No. 19 at 4) (emphasis added).

Local Rule 110 of the Eastern District of California provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110 (E.D. Cal. 2025).  Courts maintain the discretion to deny motions without prejudice when parties fail to comply with the court's local rules and adhere to its meet and confer mandates in court orders.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *Mike's Novelties, Inc. v. PIV Enters., Inc.*, 2024 WL 1855719, at *2 (E.D. Cal. Apr. 26, 2024), *report and recommendation adopted*, No. 1:23-CV-1309 JLT SAB, 2024 WL 2153615 (E.D. Cal. May 14, 2024); *Pac. Receivables, LLC v. T-3 Green House Supply, LLC*, No. 2:23-cv-01081-KJM-DMC, 2023 WL 4534146, at *1 (E.D. Cal. July 13, 2023).  "Attorneys are not excused from their obligation to meet and confer simply because they believe meeting and conferring would probably not moot an anticipated motion." *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26,

2022)(denying without prejudice motion for summary judgment for failure to comply with court's meet and confer requirement).

Thus, the court finds the proffered "futility" excuse does not alleviate Defendant of its meet and confer obligations.  Further, the meet and confer requirement is a condition precedent to the filing of a motion, not an act to be undertaken retroactively.  This requirement affords the parties an opportunity to narrow the issues and to agree to a joint statement of undisputed facts, and promotes judicial economy because it streamlines which issues and facts remain in dispute for the court.  Thus, the Court will not excuse Defendant's noncompliance with this Court's Case Management and Scheduling Order and will deny Defendant's motion without prejudice for Defendant's failure to comply with its directives.  The Court will reset the dispositive motion deadline to permit the parties to meaningfully meet and confer,[1] narrow the issues if possible, and agree to a joint statement of undisputed facts.

Accordingly, it is ORDERED:

1. Defendant's Motion for Summary Judgment (Doc. 25) is denied without prejudice.

2. Defendants may file an amended motion for summary judgment after the parties meet and confer.  An amended motion must include the meet and confer certification and a joint statement of undisputed facts.

3. The Court resets the dispositive motion deadline to February 13, 2026.

4. The hearing on Defendant's motion set for January 23, 2026 is vacated.

Dated:    January 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] "Meeting and conferring is not a box-ticking exercise for parties to perfunctorily perform prior to filing a motion." *Mike's Novelties, Inc. v. PIV Enters., Inc.*, 2024 WL 1855719, at *1.